# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| LISETTE LOPEZ,<br><br>    *Plaintiff,*<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC<br><br>    *Defendant.* | CIVIL COMPLAINT<br><br>CASE NO. 8:26-cv-00484<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes LISETTE LOPEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692e *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. §559.55, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C.

1

§§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the adjacent state law claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age, residing in Spring Hill, Florida.

5. Defendant engages in the business of purchasing, collecting or attempting to collect, directly or indirectly, debts owed or due to another using the mail and telephone from consumers across the country, including from those in the state of Florida. Defendant is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 200 14th Avenue East, Sartell, Minnesota 56377.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a debt originating from Sprint Corporation in the amount of $1,736.63 ("subject consumer

debt") said to be owed from Plaintiff, which was used for personal, family, and household purposes.

8. Due to financial hardships outside of her control, Plaintiff fell behind on the payments for the subject consumer debt.

9. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, it was charged off and bought by Defendant. Thereafter, Defendant placed the subject consumer debt with Unifin, Inc. ("Unifin") to collect on Defendant's behalf.

10. Subsequently, Defendant authorized Unifin to place debt collection phone calls to Plaintiff's personal cellular phone, (727) XXX-4795, seeking payment of the subject consumer debt.

11. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4795. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Through Unifin, Defendant has used the following phone numbers when placing collection calls to Plaintiff's cellular phone: (904) 706-4636, (904) 656-5943, (727) 606-9686, (904) 706-4406, (727) 606-9693, (904) 706-3830, (904) 539-2685. Upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

14. Upon answering a collection call from Defendant, when Plaintiff inquired who was calling, Defendant merely stated it was "Unifin, Inc." and failed to discuss further regarding the nature of its business to Plaintiff. As a result, Plaintiff did not confirm her identity on account of not receiving meaningful disclosure of who was calling her and demanded that Unifin cease further contacts.

15. Despite such, Defendant continued to call Plaintiff with harassing and repeated phone calls after Plaintiff had demanded that the same cease.

16. It was not until around December 5, 2025, when Plaintiff received a collection letter did she learn that Defendant was seeking collection of the consumer debt. Such letter reflected that, due to the age of the debt, Defendant was unable to sue on the debt. Yet, Defendant still sought settlement and misleadingly notated that failure to pay the subject debt will result in Defendant continuing to report the debt as unpaid to credit reporting agencies for an indefinite time.

17. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* limits what information can be reported on a credit report.

18. Specifically, 15 U.S.C. § 1681c(4) states that no consumer reporting agency may make any consumer report containing accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

19. Despite Defendant's knowledge that its ability to report the unpaid debt is limited to a seven-year statute of limitations, Defendant's collection letter to Plaintiff

4

made no disclosure of such material fact. Instead, the letter was framed as if Defendant had indefinite authority to continue reporting the unpaid debt to credit reporting agencies.

20. After receiving this letter, as well as being subjected to another wave of numerous harassment calls, Plaintiff again spoke with Defendant's phone calls, identified herself, and again demanded Defendant to cease its phone calls.

21. Despite receiving confirmation of Plaintiff's identity and multiple notices that its calls were unwelcome, Defendant paraded onwards in its ongoing harassment collection campaign against Plaintiff to collect on the subject debt.

22. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want to receive phone calls again.

23. Frustrated over Defendant's conduct, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, aggravation that accompanies collection telephone calls and the resulting physical manifestations of the same, emotional distress, anxiety stemming from being targeted for continuous

harassment, and numerous violations of her federal and state protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

30. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. The FDCPA, pursuant to 15 U.S.C. § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt or that he or she does not owe the debt.

34. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

35. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of harassing phone calls to Plaintiff's cellular phone through Unifin, especially following Plaintiff's demands that the same cease. Despite such, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Regulation F blatantly prohibits such conduct, which underscores Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop or that inform the debt collector that they do not owe the debt or refuse to pay the debt, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, LISETTE LOPEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692E

36. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

38. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it deceptively and falsely tried to collect upon and settle the subject consumer debt despite it being outside the statute of limitations, as well as also not sufficiently informing Plaintiff of the legal repercussions of settling the subject consumer debt when it is outside of the statute of limitations or the existence of any statute of limitations for creditors to continue reporting unpaid debts to credit reporting agencies.

39. Defendant further violated §§ 1692e and 1692e(10) through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through authorizing Unifin's conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting Plaintiff's cellular phone absent Plaintiff's consent despite the aforementioned laws to the contrary.

WHEREFORE, Plaintiff, LISETTE LOPEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

 f. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

 g. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

 h. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

 i. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

 j. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692F

40. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by knowingly authorizing harassment against Plaintiff with repeated and unwanted telephone calls, by continuing such calls to Plaintiff after she

requested that all calls cease, by trying to collect upon a debt that was outside the statute of limitations while also not adequately informing Plaintiff of the legal repercussions of settling a debt outside of the statute of limitations, and misleadingly representing to Plaintiff that its ability to report to credit reporting agencies was unlimited.

WHEREFORE, Plaintiff, LISETTE LOPEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

k. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

l. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

m. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

n. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

o. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

43. At all times relevant to this action, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

44. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Fla. Stat. § 559.72.

45. At all times relevant to this action, Defendant is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.51(1).

46. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Fla. Stat. § 559.55(6).

47. A person violates § 559.72(7) of the FCCPA when it willfully engages in any conduct which can reasonably be expected to abuse or harass the debtor. *See* Fla. Stat. § 559.72(7).

48. Defendant violated the FCCPA through the unfair and deceptive nature of the collection letter it authorized, which suggested it had indefinite authority to continue reporting the unpaid debt to credit reporting agencies. Such conduct has the reasonable expectation to abuse or harass the debtor into paying the subject debt because it pressures and places Plaintiff in a position where she feels as if she has no rights or recourse as it relates to Defendant's relentless contacts. Defendant's conduct further abuses and harasses Plaintiff because it suggested that its purported

unlimited power to report outdated information outweighs the validity of the debt itself and exaggerates the consequences beyond what the law allows.

49. Defendant also violated the FCCPA through the unfair nature of the phone calls placed to Plaintiff seeking to collect upon the subject debt. Regardless of whether Defendant had the ability to contact Plaintiff through phone calls in the event she fell behind on payments, Defendant's authorization and utilization of any such ability, under the circumstances, was inherently unreasonable and unfair. Plaintiff repeatedly demanded on multiple occasions to cease all phone calls due to the impact it was having on her life. Yet, Defendant unfairly ignored Plaintiff and continued authorizing Unifin to place more collection phone calls to Plaintiff. Defendant sought to take advantage of Plaintiff's position and inability to stop the calls, as well as any consumer's dependence on their cellular phones, by continuing its knowingly harassing phone call campaign to unfairly get Plaintiff to make payments she could not afford. Defendant does not enjoy carte blanche to harass Defendant's consumers through the unfair and unreasonable placement of phone calls, merely because such consumers find themselves in the position of purportedly owing Defendant money.

50. Defendant further violated the above provisions of the FCCPA through the deceptive and misleading way in which it authorized routine, systematic, and intentional variation of the area codes and phone numbers from which calls were

placed. This was done for the purpose of obfuscating Plaintiff's ability to determine who was calling and to otherwise be misled into answering a call from an unknown and not-previously-used phone number. Defendant's conduct is further designed to deceptively limit, and otherwise respond to, the call-monitoring and identification software installed as a matter of course in modern cellular phones.

51. Defendant violated the FCCPA by failing to have adequate procedures in place designed to prevent a violation by its employees. Plaintiff informed Defendant that its calls were inconvenient, unwelcome, and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein their employees or agents would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient and no longer with legal consent. As such, Defendant has not only failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts, but rather seemingly encouraged such violations of law through its harassing and oppressive methods of debt collection.

WHEREFORE, Plaintiff, LISETTE LOPEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 per violation pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff; and,

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 20, 2026                    Respectfully submitted,

                                            s/ Maxwell W. Brooks
                                            Maxwell W. Brooks, Esq.
                                            Counsel for Plaintiff
                                            Admitted in the Western District of Florida
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Ave., Suite 200
                                            Lombard, Illinois 60148
                                            (630) 568-5965 (phone)
                                            (630) 575-8188 (fax)
                                            mbrooks@atlaslawcenter.com